40101.   CONSOLIDATED REALTY INVESTMENTS, INC.
v. EBERHART.

*Fine & Rolader, Jos. J. Fine,* for plaintiff in error.
*Lucio L. Russo,* contra.

FELTON, Chief Judge. ■ The court did not err in overruling the general and special demurrers of the defendant. The allegations are sufficient to show that the plaintiff was engaged in interstate commerce within the meaning of the Fair Labor Standards

Act in that he directed the parking of trucks from another state before they came to rest within the State of Georgia. The petition also alleged that the plaintiff's duties in directing the parking of the trucks were regular and recurring during the weeks of employment involved. Contrary to many state and inferior Federal court rulings in cases where one is engaged in both intrastate and interstate commerce it is no longer necessary to show that the percentage of time devoted to interstate commerce is substantial. Engagement in interstate commerce need only be "regular and recurring." Overstreet v. North Shore Corporation, 318 U. S. 125 (63 SC 494, 87 LE 656); Mabee v. White Plains Pub. Co., 327 U. S. 178 (66 SC 511, 90 LE 607). The rule as to the determination of whether an employer is engaged in commerce would seem to apply to the question whether an employee is so engaged.

■ The court did not err in overruling the motion for a judgment notwithstanding the verdict. While the evidence was conflicting the evidence authorized the finding that the plaintiff was engaged in interstate commerce during all but three weeks of the period involved. The employer contends that the evidence does not show a "regular and recurring" engagement in interstate commerce because the employee only testified that he "signed in" from 50 to 75 truck loads. It is true that the employee so testified but what he meant was that he receipted for 50 or 75 loads for the employer. In addition, however, he testified that there were 180 truck loads which came into the premises. He further testified that trucks from North Carolina came into the lot during all but three weeks of the time involved. What he actually testified was that there were only three weeks of his employment when no trucks from North Carolina came in. This means that during the other weeks they did come in.

■ The court erred in overruling the motion for a new trial for two reasons: (a) The evidence did not authorize a finding in favor of the employee for the three weeks in which he was not engaged in interstate commerce. It was not necessary for the employer to affirmatively show this when the testimony of the employee himself showed it. (b) The second reason is that the court erred in submitting the question of the amount of attorney's

fees to the jury. Under the Act the question of the amount of such fees is a function of the court and not the jury.

The jury properly found for liquidated damages in the absence of a special showing of mitigating circumstances showing good faith by the employer.

The court did not err in overruling the general and special demurrers to the petition or in overruling the motion for a judgment notwithstanding the verdict.

The court erred in overruling the motion for a new trial.

The judgment overruling the motion for a new trial is affirmed with direction that the amount found by the jury both for wages and liquidated damages for 3 weeks, or 21 days, be written off from the judgment and that the amount found by the jury for attorney's fees be written off and with the further direction that the court fix the amount of attorney's fees.

*Judgments overruling the demurrers and the motion for judgment notwithstanding the verdict affirmed. Judgment overruling the motion for a new trial affirmed with direction. Eberhardt and Russell, JJ., concur.*